NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANTHONY SPENCER GREEN, SR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-1675

_____

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01886-MMS, Judge Margaret M. Sweeney.

_____

Decided: July 12, 2018

_____

ANTHONY SPENCER GREEN, SR., Omaha, NE, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, CHAD A. READLER.

_____

Before MOORE, SCHALL, and WALLACH, *Circuit Judges.*

PER CURIAM.

Anthony Spencer Green, Sr., appeals the order and final judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. *Green v. United States*, No. 1:17-cv-01886-MMS (Fed. Cl. Jan. 17, 2018) ("*Order*"). We *affirm*.

DISCUSSION

I.

Mr. Green filed suit in the Court of Federal Claims on December 6, 2017. In his complaint, he alleged that, upon his birth in 1978, the United States Defense Advanced Research Projects Agency ("DARPA") inserted a frequency chip into his body. Complaint at 2, *Green v. United States*, No. 1:17-cv-01886-MMS ("*Complaint*"). He also alleged that, in 1980, when he underwent an operation to alleviate a left inner ear infection at the Chicago Children's Memorial Hospital, DARPA inserted a "wireless cochlear implant/frequency chip" into his left ear. *Id.* Mr. Green further alleged that, at Brooke Army Medical Center ("BAMC") in 2011, the United States Army inserted a "neural prosthetic" device into his body that connects him to DARPA, BAMC, the United States National Aeronautics and Space Administration, and various other government agencies. *Id.* Mr. Green claimed that he has not been compensated for his participation in these research programs. *Id.* He also claimed that he is unable to work as the result of the abuse that he has suffered at the hands of government agencies, and that he is at risk of incurring diseases due to the government's negligence and "transmitters emitting radiation." *Id.* Mr. Green sought $1 trillion in damages and an order directing the government to remove the implanted items from his body. *Id.* at 3.

On January 17, 2018, the Court of Federal Claims issued an order stating that it lacked jurisdiction and

directing the clerk of the court to dismiss Mr. Green's complaint. *Order* at 1. The court concluded that Mr. Green was attempting to allege claims for three batteries (torts) based upon the alleged implanting of the several devices in his body. *Id.* In addition, liberally construing the allegations in the complaint, the court concluded that Mr. Green's claim of uncompensated participation in DARPA's research constituted an allegation of breach of an implied-in-fact contract. *Id.* On the first point, the court stated that, to the extent the complaint asserted claims sounding in tort, it did not have jurisdiction over the suit. *Id.* at 6–7. On the second point, the court explained that Mr. Green had failed to allege the elements of a contract with the government. It also explained that the allegations that the implants were inserted against Mr. Green's will demonstrated that there was no "meeting of the minds" or conduct from which an agreement between Mr. Green and the government could be inferred. *Id.* at 7. As noted, Mr. Green has appealed the dismissal of his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

The Court of Federal Claims derives its jurisdiction (which is the power to hear a case) from the Tucker Act. The Tucker Act provides as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*.

28 U.S.C. § 1491(a)(1) (emphasis added).

The plain language of the Tucker Act excludes claims sounding in tort from the jurisdiction of the Court of Federal Claims. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). We have reviewed Mr. Green's complaint and have considered the arguments he makes on appeal. It is clear that his battery claims sound in tort. They are thus outside the jurisdiction of the Court of Federal Claims. At the same time, the Court of Federal Claims did not err in rejecting Mr. Green's implicit allegation that he had an implied-in-fact contract with the government to be compensated for his participation in DARPA's alleged research. It is true that implied-in-fact contracts are within the Tucker Act's jurisdictional grant. *See* 28 U.S.C. § 1491(a)(1). The Court of Federal Claims correctly ruled, however, that Mr. Green's complaint failed to allege any of the necessary elements of a contract with the government—mutuality, consideration, offer and acceptance, and actual authority on the part of the government's agent. *Order* at 7; *see Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003). Moreover, as the court noted, Mr. Green's allegations that various devices were implanted in his body against his will defeats any notion that there was a "meeting of the minds" or conduct from which an agreement between Mr. Green and the government could be inferred. *Order* at 7.

### III.

For the foregoing reasons, the order and final judgment of the Court of Federal Claims dismissing Mr. Green's complaint are *affirmed*.

**AFFIRMED**

Costs

No costs.